UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ERSALINE EDWARDS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARCHIE RICH )<br>)<br>Defendant. ) | Case No. 09-166 (RMC) |

### DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND/OR MOTION FOR SUMMARY JUDGMENT

**COMES NOW Defendant Archie Rich,** by and through undersigned counsel and hereby submits this motion to dismiss the complaint for failure to state a claim for which relief can be granted and/or motion for summary judgment as more fully set forth in the accompanying memorandum of points and authorities.

Respectfully submitted,

*Donald M. Temple*
Donald M. Temple #408749
1229 15th Street, NW
Washington, DC 20005
Tel: (202) 628-1101
Fax: (202) 628-1149
dtemplelaw@gamail.com

Attorney for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ERSALINE EDWARDS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09-166 (RMC) |
| v. ) | |
| ) | |
| ARCHIE RICH ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

**COMES NOW Defendant Archie Rich,** by and through undersigned counsel and hereby submits this motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P Rule 12(b)(6) and/or motion for summary judgment and for cause states the following:

### STANDARD OF REVIEW

In resolving a motion for summary judgment all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the non-moving party. *See International Underwriters, Inc. v. Boyle*, 365 A.2d 779 (1976 D.C. App). The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). When one party files a motion for summary judgment, the court will grant the

motion unless the moving party's factual allegations are countered with specificity. *Miller v. American Coalition of Citizens with Disabilities, Inc.*, 485 A.2d 186 (1984). "A party opposing a motion for summary judgment may not rest upon his allegations . . . without any significant probative evidence tending to support the complaint." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). Indeed, in order to survive a motion for summary judgment, the non-moving party must present more than mere conclusory allegations." *Teru Chang v. Inst. for Public-Private P'ships, Inc.*, 846 A.2d 318, 323 (D.C.2004) (citation omitted). "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Brown v. George Wash. Univ.*, 802 A.2d 382, 385 (D.C.2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "[A] party opposing a motion for summary judgment must produce at least enough evidence to make out a prima facie case in support of [its] position." *Joeckel v. Disabled Am. Veterans*, 793 A.2d 1279, 1281-82 (D.C.2002). It is well settled in this jurisdiction that when courts grant summary judgment there must be no genuine issue as to any material fact. DC RCP 56; Fed. R. Civ. P. 56. If there is a genuine issue as to material facts, a case cannot be determined on affidavits in support of a motion for summary judgment and the motion for summary judgment must be denied. Thus, if liability is dependent on any disputed questions of fact, the party opposing the motion has the right to have those questions determined at trial.

In a 12(b)(6) motion to dismiss, the complaint must be reviewed in the light most favorable to the plaintiff, while taking the facts alleged in the complaint as true. *Cauman*

*v. George Washington Univ.*, 630 A.2d 1104, 1105 (D.C.1993). A dismissal is affirmed on appeal only " 'when "it appears, beyond doubt, that the plaintiff[ ] can prove no set of facts in support of [its] claim which would entitle it to relief." ' " *Id.* (quoting *Klahr v. District of Columbia*, 576 A.2d 718, 721 (D.C.1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). "On review of a 12(b)(6) motion a court 'must treat the complaint's factual allegations as true ... and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged.' " *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C.Cir.2003) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C.Cir.2000)).

## STATEMENT OF FACTS

On or about August 18, 2007, Plaintiff sustained serious injuries during the physical fitness stage of her application for a position in the District of Columbia Department of Corrections. While running, Plaintiff slipped and reflexively grabbed a wet railing which caused her to lose her grip. Plaintiff fell, breaking her right leg. Plaintiff retained the law firm of Larry C. Williams & Associates to represent her in this matter. Considered in the most favorable light, Plaintiff premised her complaint on the allegation that because Defendant Rich did not file a notice of claim against the District of Columbia within six (6) months of her injury pursuant to D.C. Code §12-309, her claim was waived, thereby denying her access to the courts. Consequently, in her first Cause of Action Plaintiff claims that Defendant Rich as her lawyer "did with malicious

intent deny and or cause the individual plaintiff access to the courts. In violation of due process of the laws." Further, Defendant Rich allegedly caused Plaintiff "to be denied a civil complaint against the government of the district [sic] of Columbia."

## ARGUMENT

### 1. Plaintiff Is Not Barred From Bringing Civil Action thus Her Claim Should Be Dismissed

Plaintiff's claim that a §12-309 notice was not filed is incorrect. Further, the statute of limitations has not run in this matter. Thus, Plaintiff can still bring a civil action in a court of competent jurisdiction. Moreover, at no time did Plaintiff retain the services of attorney Archie Rich to represent her. At all times referenced herein, Plaintiff apparently retained the services of Attorney Larry Willliams.

On February 13, 2008 Attorney Larry C. Williams, of Defendant's Office Larry C. Williams & Associates, executed and served the §12-309 notice regarding Plaintiff's potential claim against the District by Certified Mail. See Exhibit 1 attached. On March 7, 2008, Charlotte Fisher, Claims Specialist for the District of Columbia's Office of Risk Management acknowledged receipt of Mr. Williams' notice. See Exhibit 2 attached. Further, Ms. Fisher confirmed to Mr. Williams that her office was investigating the incident. Thus, contrary to Plaintiff's allegations, a notice of claim was filed with the District of Columbia and none of Plaintiff's rights to pursue this matter were waived, nor did Defendant Rich deny Plaintiff access to the courts. Any other claims of denial of due process flowing from Defendant's alleged failure to notify the District also are without merit, particularly since the statute of limitations has yet to expire, and will do so on or

about August 17, 2010.[1] Significantly, on March 5, 2009, Defendant detailed these facts in a letter to Plaintiff and asked her to withdraw her complaint. See Exhibit 3 attached.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions...." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (citations and internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level ... *on the assumption that all of the allegations in the complaint are true....*" *Id.* (emphasis added) Having considered the allegations in a light most favorable to the Plaintiff, there is nothing to substantiate her "right to relief above the speculative level" particularly since an assumption that the allegations are true is not warranted in this circumstance.

### 2. Plaintiff Lacks Privity of Contract with Defendant

During the time of the incidents giving rise to the action claimed herein, Plaintiff had no relationship, contractual or otherwise, with Defendant. Plaintiff has failed to and indeed cannot produce an agreement whereby Defendant agreed to represent her. Plaintiff retained Larry C. Williams & Associates, not Defendant. As stated above, the §12-309 notice was duly and timely sent to the District by Larry C. Williams, and not Defendant. Further, the District government's confirmation and acknowledgement of the §12-309 notice was addressed to "Mr. Williams, Atty". Thus Defendant never represented Plaintiff as there was no privity of contract between Plaintiff and Defendant.

---

[1] That Plaintiff is entitled to file a civil action in a court of competent jurisdiction until August 2010 is not intended as a recommendation or advice to do so, nor should anyone consider that affirmation anything other than a statement of fact, not an inference as to the viability of said claim.

6

Consequently, and without proximate cause between the actions complained of and the harm alleged to have resulted, Plaintiff fails to state a claim upon which relief may be granted with respect to Defendant.

## CONCLUSION

For the reasons set forth herein, Plaintiff's complaint fails to state a cause of action upon which relief can be granted. Further, the evidence submitted herewith illustrates that there are no genuine material facts in dispute regarding the transmittal and District government's receipt of a timely 12-309 notice letter. The pertinent documentation shows that Plaintiff's allegations are not true and no valid claim exists against Defendant or for that matter Attorney Williams. Therefore, Defendant respectfully requests that this honorable court dismiss the immediate complaint against him.

Respectfully submitted,

*Donald M. Temple*
Donald M. Temple #408749
1229 15th Street, NW
Washington, DC 20005
Tel: (202) 628-1101
Fax: (202) 628-1149
dtemplelaw@gmail.com

Attorney for Defendant

**UNITED STATES DISTRICT COURT**

## DISTRICT OF COLUMBIA

| | |
|---|---|
| ERSALINE EDWARDS )<br>)<br>Plaintiff, )<br>) Case No. 09-166 (RMC)<br>v. )<br>)<br>ARCHIE RICH )<br>)<br>Defendant. ) | |

## ORDER

This matter having come before the Court on Defendant's Motion to Dismiss for Failure to State a Claim upon which Relief can Be Granted, and having considered the record herein as well as any opposition thereto, the Motion be and the same is hereby **GRANTED**.

_____
Judge
US District Court

_____
Date

Copies to:

Ersaline Edwards
8558 Pioneer Drive
Severn, MD 21144

Donald M. Temple, Esq.
1229 15th Street NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

**I hereby certify that a copy of the foregoing** Defendant's Motion To Dismiss Complaint For Failure To State A Claim Upon Which Relief Can Be Granted, Memorandum in Support thereof and Proposed Order was mailed on March 16, 2009, via first class mail, postage prepaid to:

Ersaline Edwards
8558 Pioneer Drive
Severn, MD 21144

*Donald M. Temple*
Donald M. Temple

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ERSALINE EDWARDS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARCHIE RICH )<br>)<br>Defendant. ) | Case No. 09-166 (RMC) |

PLAINTIFF'S STATEMENT OF GENUINE ISSUES OF MATERIAL
FACTS NOT IN DISPUTE

1. That Plaintiff did not enjoy an attorney-client relationship with Defendant Rich. Exhibit 1.

2. That Larry Williams, not Defendant Rich, entered into an attorney-client relationship with Plaintiff and acted accordingly. Exhibit 1.

3. That Attorney Williams timely sent a 12-309 notice to the District of Columbia, which confirmed its receipt thereof. Exhibit 2.

4. That the statute of limitations has not expired in this case, and Plaintiff is still able to bring her civil claim against the D.C. government.

Respectfully submitted,

*Donald M. Temple*
Donald M. Temple #408749
1229 15th Street, NW
Washington, DC 20005
Tel: (202) 628-1101
Fax: (202) 628-1149
dtemplelaw@gamail.com

Attorney for Defendant

**EXHIBIT #1**

## *LARRY C. WILLIAMS & ASSOCIATES*
## *Attorneys At Law*

666 11th Street N.W. Suite 1050
Washington, D.C. 20001

Telephone (202) 842-3222
Fax (202) 842-3631

February 13, 2008

**CERTIFIED MAIL; RETURN RECEIPT REQUESTED!**

The Honorable Adrian Fenty
Mayor of the District of Columbia
1350 Pennsylvania Avenue, NW, Room 310
Washington, DC 20004-3003

Re: Claimant: Ersaline Edward
    Date of Injury: August 18, 2007

Dear Mayor Fenty:

Please accept this letter as a *Section 12-309*, D.C. Code (1989 Rpl. Vol.) Notice of a claim against the District of Columbia Government for injury and damages sustained by the Claimant, above-referenced, who resides at 3350 Chillum Road, Apt. 202, Mt. Rainier, MD 20712.

On or around August 18, 2007, the District of Columbia General Hospital was being utilized by the District of Columbia Department of Corrections as a staging site for a physical fitness element of the Claimant's application for a Correctional Officer position. The Claimant, following instructions by employees and/or agents of the District of Columbia Department of Correction to sprint up and down a cement staircase while already fatigued, tried to used the stairwell banister for support and her hand slid on the sweat-drenched railing and fell, breaking her leg in several places. The premises at DC General Hospital at the time of the incident was under the exclusive ownership and/or control, directly or through agency, by the District of Columbia Government.

The District of Columbia Government is liable for the injuries and associated damages sustained by the Claimant because it breached its statutory duty to provide a safe workplace environment for the Claimant at the orientation. The District of Columbia breached its statutory duty to exercise due care and diligence to remedy any dangerous condition of which it has had sufficient actual or constructed notice, leading to the Claimant's injuries.

Please send written acknowledgment of your receipt of this claim, and of the sufficiency of this notice, without delay.

Very truly yours,

*Larry C. Williams*

Larry C. Williams

LCW/tbw

**EXHIBIT #2**



# DISTRICT OF COLUMBIA GOVERNMENT
## OFFICE OF RISK MANAGEMENT
### Risk Financing Division

Kelly Valentine
Chief Risk Officer

March 7, 2008


Larry C. Williams & Associates
666 11th Street N. W – Suite 1050
Washington, DC   20001

Event Date:   08/18/2007
Your Client:   Ersaline Edwards
Claim Number: DMPSJ011391

Dear Mr. Williams, Atty.:

This will acknowledge receipt of your letter notifying the Mayor of a claim against the District of Columbia. Your letter was received in the D.C. Office of Risk Management on 2/15/2008. Your claim has been assigned to me, a staff member in the DC Office of Risk Management, Claims Bureau to investigate and handle.

We are investigation this incident involving Ms. Edwards; at this time we ask that you forward us the following information to expedite the claims process; your Client's social security number, telephone number, home address, date of birth, medical bills, medical reports and/or other documents which bear on the validity or amount of your claim.

When sending additional documents/information, please refer to the claim number identified above and address it to:

> Office of Risk Management
> Claims Bureau
> 441 4th Street N. W.
> Suite 800 South
> Washington, D.C. 20001

This letter does not waive the District of Columbia's right to timely and complete notice within six months of the incident as required by D.C. Code Section 12-309.


Very truly yours,

Charlotte Fisher
Claims Specialist

441 4th Street NW; Suite 800 South; Washington, DC 20001; (202) 727-8600 (202) 727-8319 fax

"WARNING: It is a crime to provide false or misleading information to the District Government, or to any department or agency thereof, any claim upon or against the District of Columbia, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent. Such an act is subject to imprisonment not more than one year and assessed a fine of not more than $100,000 for each violation.

# EXHIBIT #3

# THE**RICH**FIRM,PC

---

A FULL-SERVICE LITIGATION AND TRIAL PRACTICE LAW FIRM

Archie L. Rich II (DC, PA)
*Principal*

*Of Counsel*
Michael Wilson, M.D., J.D. (DC)
Arthur Schwartz, M.D., J.D (DC, MD)

March 5, 2009

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Ersaline Edwards
8558 Pioneer Drive
Severn, Maryland 21144

    Re:    <u>Ersaline Edwards v. Archie Rich</u>
            Case Number: 09-166 RMC

Dear Ms. Edwards:

      This letter acknowledges your complaint filed in the above-referenced matter alleging, principally, that I deprived you of access to the courts by failing to properly notify the District of Columbia of your claim within six months of your injury, as is mandated by the applicable statute.

      While we are preparing our Answer and Motions to Dismiss, I want to advise you that the **basis for your complaint is mistaken:**

1. The District of Columbia was properly and timely notified of your claim for damages. The District of Columbia's Office of Risk Management acknowledged their timely receipt of his Notice in a letter dated March 07, 2008. I have included a copy of that letter with the enclosed file;

2. This means that you are not thereby prevented from filing a lawsuit against the District of Columbia in the referenced matter. To the contrary, the statute of limitations expires three years after the date of your injury, which was August 18, 2007. Accordingly, you may file your lawsuit against the District of Columbia up to and including the date of August 17, 2010.

      Because the one material allegation in your complaint is without basis in fact, your lawsuit cannot be maintained in good faith and your Complaint should be withdrawn. Now that you are notified that your lawsuit is unfounded, should you fail to withdraw this complaint, you may be liable for legal fees and costs I incur in my defense of what amounts to a frivolous lawsuit. Additionally, you may be subject to

---

Ms. Ersaline Edwards
March 5, 2009
Page two of two

economic sanctions by the court. **I strongly encourage you to consult with an attorney to advise you of the risks associated with persisting in this action under the present circumstances.**

I have provided you with your entire file, excluding only our work product, for your information in this matter and in the event you wish to go forward with a lawsuit against the District of Columbia in your underlying claim. I will make myself available to discuss your case with you or your new attorney at your direction. Again, be advised that under the applicable three-year statute of limitations, you must file your lawsuit against the District of Columbia by August 17, 2010 or you may be forever precluded from doing so.

I regret that we were unable to achieve results in your case that were satisfactory to you, despite our diligent efforts. Nonetheless, I hope you will carefully consider the contents of this letter and, accordingly, act promptly to withdraw this Complaint and avoid the need for further responsive action on our part.

Very truly yours,

Archie L. Rich II

ALR:jlm
Enclosure: copy of file attached