UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERSALINE EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-0166 (RMC) |
| | ) |
| ARCHIE RICH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this diversity action, plaintiff Ersaline Edwards, proceeding *pro se*, sues a private attorney, Archie Rich, for "denial of due process[,] equal protection of the laws [and] denial of access to the courts." Compl. at 1. Mr. Rich moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment pursuant to Rule 56. The Court will dismiss the claims brought under the Constitution pursuant to 28 U.S.C. § 1915(e), construe the complaint as one for legal malpractice and defer ruling on the motion to dismiss pending Mr. Rich's clarification of the record.[1]

### I. BACKGROUND

The complaint allegations are as follows. Ms. Edwards sustained a leg injury in August 2007 while training for a position with the District of Columbia Department of Corrections ("DOC"). She received a hospital bill in excess of $37,000. Compl. at 4. On February 12, 2008, Ms. Edwards met with Mr. Rich at Larry C. Williams & Associates and "signed a contract with Attorney Larry C. Williams." *Id*. at 5. Mr. Rich "told [Ms. Edwards] not to discuss her case with

---

[1] When, as here, a plaintiff is permitted to proceed *in forma pauperis*, the Court is required to "dismiss the case at any time [it] determines that. . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court invokes this provision because it is disposing of the constitutional claims for obvious reasons apparently overlooked by Mr. Rich.

anyone, and not to contact or talk with any other lawyer"; Mr. Williams "told [Ms. Edwards] he would handle her case, but he assigned [her] to [Mr. Rich], whom he said was his associate." *Id*. ¶ 8. Ms. Edwards and Mr. Rich communicated about her case "for approximately three months," and Mr. Rich responded to Ms. Edwards's request for "all the documents he had filed in her case" by providing her with a copy of her employment application with DOC but not her "lawful notice to sue the government of the District of Columbia [or her] medical records[.]" *Id*. ¶¶ 9-11.

## II. ANALYSIS

Ms. Edwards's claims arising under the Constitution are cognizable under 42 U.S.C. § 1983, but that statute creates a cause of action against "person[s]" who, while acting under color of State or District of Columbia law, deprive individuals of rights protected by the Constitution or federal law. *Settles v. U.S. Parole Com'n*, 429 F.3d 1098, 1103-04 (D.C. Cir. 2005) (quotation marks in original) (citation omitted). Because "[t]he conduct of retained counsel does not rise to the level of state action within the meaning of § 1983[,]" *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994), Ms. Edwards has failed to state a § 1983 claim against Mr. Rich. *See Burt v. Barry*, 962 F. Supp. 185, 188 (D.D.C. 1997) ("The D.C. Circuit has held explicitly that attorneys representing clients in court do not engage in state action and are, therefore, not subject to suit under § 1983.") (citation omitted).

Mr. Rich seeks dismissal on the basis that he never established an attorney-client relationship with Ms. Edwards, but he also defends the actions of the attorney who did, Larry C. Williams, who is not a party to this action. Moreover, Mr. Rich does not deny the complaint allegations and attaches to his motion a letter from his law firm, The Rich Firm, PC, to Ms. Edwards that contradicts his denial of an attorney-client relationship. Most revealing are Mr. Rich's statement

that "I have provided you with your entire file, excluding only our work product" and his offer to make himself "available to discuss your case with you or your new attorney at your direction." The letter closes with Mr. Rich conveying his "regret that we were unable to achieve [satisfactory] results in your case[.]"  Def.'s Ex. 3 (Mar. 5, 2009 letter).

The aforementioned letter, Mr. Rich's merits response to the complaint and Ms. Edwards's undisputed complaint allegations strongly suggest that the parties did in fact have an attorney-client relationship and that Mr. Rich had some type of relationship with Mr. Williams's law firm. Given Mr. Rich's puzzling response to the complaint, the Court cannot determine with certainty whether it can "accord complete relief among [the] existing parties," Fed. R. Civ. P. 19 (a)(1)(A), or "must order that [Mr. Williams and/or his law firm] be made a party." Fed. R. Civ. P. 19(a)(2); *see id*. at (a)(1)(B) (requiring joinder also if the non-party "claims an interest . . . and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest"). Accordingly, the Court defers ruling on Mr. Rich's motion to dismiss pending his clarification of the record. The constitutional claims nevertheless are dismissed as a matter of law. A separate Order accompanies this Memorandum Opinion.

Date:  March 31, 2009                                              /s/
                                                            ROSEMARY M. COLLYER
                                                            United States District Judge